# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ERWIN RUTH                                                                                      PLAINTIFF

v.                                    5:16CV00037-JLH-JJV

STAN MCGEE, Sheriff,
Dallas County Sheriff's Office; *et al.*                               DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

     1.     Why the record made before the Magistrate Judge is inadequate.

     2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

     3.     The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Erwin Ruth ("Plaintiff") brought this action pro se and pursuant to section 1983 alleging his healthcare at the Dallas County Jail was constitutionally inadequate. (Doc. No. 2.) I found his Complaint deficient because it failed to specify how each of the named Defendants violated his rights. (Doc. No. 3.) He has since filed an Amended Complaint[1] (Doc. No. 4), but once again failed to specifically allege how any of the Defendants were actually involved in his medical care. Instead, he alleges only that Defendants Stan McGee, Brian Shaddock, Laron Williams, Tate, and a jailer identified only as 'Mike' were aware of the medical care he received on December 14, 2015, and family members were required to bring his medication to the jail. (Doc. No. 4 at 5.) He further says he is presently being treated and they are "trying to get it under control" but "no inmate should be refused medical attention." *Id.* Although it appears Mr. Ruth is alleging a claim of deliberate indifference to serious medical need, I am unable to decipher a factual basis of how any of the named defendants were deliberately indifferent to his medical needs.

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).

2

544, 570 (2007). Plaintiff has failed to meet this standard in his Amended Complaint and this action should be dismissed.

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Amended Complaint (Doc. No. 4) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 24th day of February, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides : "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."